UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARTIN SHANE LEWIS                                    CIVIL ACTION

VERSUS                                                NO. 09-4401

AXXIS DRILLING, INC.                                  SECTION "K"(1)

ORDER AND OPINION

Before the Court is the "Motion in Limine to Exclude, Strike, or Limit Defendant's Consulting Economist's and Vocational Rehabilitation Consultant's Report and Testimony" filed on behalf of plaintiff Martin Shane Lewis (Doc. 30). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, grants the motion in part and denies it in part.

Defendant retained Dr. Kenneth J. Boudreaux, an economist, to provide expert testimony at the trial of this matter on, among other things, the issue of plaintiff's future loss wages. Plaintiff's motion seeks to exclude all portions of Dr. Boudreaux's report and testimony that "addresse[], refer to or suggest that work life expectancy of offshore workers is less than that of worker's in other occupations." Contrary to plaintiff's representation, review of Dr. Boudreaux's report does not reveal any reference to the Camus and Associates study concluding that the worklife expectancy for offshore workers is less than that for individuals in other occupations. Therefore, to the extent that plaintiff seeks to exclude all portions of Dr. Boudreaux's report that address, refer, or suggest that the worklife expectancy of offshore workers is less than that of workers in other occupations, the motion is denied as moot. However, the Court grants plaintiff's motion to the extent that it seeks to exclude any testimony by Dr. Boudreaux based on the study by Camus and Associates that the worklife expectancy of offshore workers is less than that of workers in other occupations.

>Federal Rule of Evidence 702 states:
>
>If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based on sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The party offering an expert's testimony has the burden of showing that the testimony is reliable. *United States v. Hicks*, 389 F.3d 514, 525 (5th Cir. 2004). In *Compton v. Torch, Inc.*, No. 99-0549 (E.D. La. Minute Entry July 21, 2000)(Doc. 133) Judge McNamara addressed whether an economist, or any other witness, could utilize the *Camus Report/Study* as the foundation for his testimony. Judge McNamara opined:

>The court finds that the *Camus Study/Report* is an unreliable foundation because: it is undated; it covers a span of some 25 years ago - between 1971 and 1975; it is unsigned and its purported author Richard Camus, has died and is not subject to cross-examination; the credentials of Richard Camus are unknown, [the challenged economist] believes that Richard Camus was hired by a consortium of oil diving industry firms and paid to conduct the study; the report has not been published in economic and scientific journals; there are no printed peer reviews of the report; it fails to state a known or potential margin or rate of error; and the classifications regarding "types of terminations" contained in the report are unclear.
>
>In short, the probative value of the *Camus Study* and the testimony based on it is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403.

*Id.* That reasoning is even more compelling today, 35 years after final collection of data for the *Camus Study*. Therefore, the Court adopts the reasoning of Judge McNamara in *Compton* and grants plaintiff's motion to exclude any testimony by Dr. Boudreaux that the worklife expectancy of offshore workers is less than that of workers in other occupations based on the study by Camus and Associates .

Plaintiff also seeks to exclude that portion of Dr. Boudreaux's report as well as any testimony by him that in calculating plaintiff's future wages, the proper method to determine the discount rate is that announced in *Culver v. Slater Boat Company*, 722 F.2d 114 (5th Cir. 1983) (herein after *Culver II*").  In *Monessen Southwestern Railway Co. v. Morgan*, 486 U.S. 330, 108 S.Ct. 1837, 100 L.Ed.2d 349 (1988), the Supreme Court set out the relevant law with respect to discounting future loss wages to present value and reiterated that "the present value calculation is to be made by the 'trier of fact.'" *Id.* at 341, 108 S.Ct. at 1845.  The Supreme Court further opined that the trial judge "may recommend to the jury one or more methods" for estimating present value, but concluded that the trial judge's instructions may not impose "rigid mathematical limitation[s]." *Id.* at 342, 108 S.Ct. at 1846 (internal quotation and citation omitted).  Nothing in *Monessen* precludes expert testimony calculating the discount rate in accordance with the guidelines set out in *Culver II.*

Dr. Boudreaux's testimony concerning the appropriate discount rate will be subject to vigorous cross examination.  It is for the jury, in its role as fact finder, to make the ultimate determination concerning the appropriate discount rate.  Therefore, the Court denies plaintiff's motion insofar as it seeks an order excluding those portions of Dr. Boudreaux's report and testimony concerning his reliance on *Culver II* to calculate the discount rate for plaintiff's future loss wages.

Additionally, plaintiff seeks an order excluding the opinions of Dr. Boudreaux and Nancy Favaloro, defendant's vocational rehabilitation consultant, with respect to plaintiff's ability to return to work.  Some additional factual background is necessary to analyze this portion of plaintiffs motion.

Following an independent medical examination of plaintiff, Dr. J. Lee Moss, an orthopaedic

surgeon, issued a medical report stating that "[a]t this time, the claimant has reached MMI and is unemployable. He will need medication for an indefinite period of time." Doc. 31-4. Thereafter, Ms. Favoloro had a conference with Dr. Moss to discuss Mr. Lewis's condition. Following that conference, Dr. Moss confirmed that he

> agree[d] that if Mr. Lewis' [sic] pain level is reduced and he improves, he can return to work at jobs that will allow him to mostly sit through the workday with occasional standing and walking. He can work in jobs with no repetitive bending, stooping, climbing or crawling and no overhead reaching. These jobs will have no lifting greater than 20 pounds with most lifting at 10-15 pounds.

Doc. 40-2, Exhibit 2.

In his report Dr. Boudreaux calculated plaintiff's future earnings under three different factual scenarios, including ones based on plaintiff's return to work at the minimum hourly wage and one based on plaintiff's return to work at $12.50 an hour. Doc. 31-3. In her report Ms. Favoloro stated that "Dr. Moss agrees that if Mr. Lewis' condition improves, whether it be through home exercise or future surgery, he will be able to return to Sedentary/Light work." Doc. 31-5. Ms. Favoloro also stated "[g]iven the opinion of Dr. Moss, that is, that with some improvement and reduction in is pain Martin Shane Lewis could return to Sedentary/Light work, he is employable at jobs such as noted in my previous report, with earning of at least $8.00 per hour." Doc. 31-5.

Plaintiff moves to exclude any "opinion " by Dr. Boudreaux or Ms. Favoloro, in their reports or testimony, that plaintiff is able to return to work. The motion is denied. Neither Dr. Boudreaux nor Ms. Favoloro have independently opined that plaintiff is able to return to work. Dr. Boudreaux has expressed no opinion as to whether plaintiff is able to return to work. He has simply expressed an opinion as to plaintiff's wage loss if the fact finder determines that plaintiff he is able to return to work. Similarly, Ms. Favoloro has not concluded that plaintiff is able to return to work. Rather,

4

she has concluded, based on Dr. Moss's opinion, that if plaintiff is able to return to sedentary/light work that he is employable at $8.00 per hour. Contrary to plaintiff's assertions, neither Ms. Favoloro nor Dr. Boudreaux are expressing an opinion with respect to plaintiff's medical disability. Therefore, the motion is denied.

New Orleans, Louisiana, this 10th day of February, 2011.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE